**Jiang Bin ZHEN, Petitioner,**

v.

**Alberto GONZALES, United States Attorney General, Respondent.**

**No. 05–0704–AG.**

United States Court of Appeals, Second Circuit.

Feb. 17, 2006.

Stuart Altman, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Laura Thomas Rivero, Kathleen M. Salyer, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. BARRINGTON D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jiang Bin Zhen, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ") decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed that decision without opinion. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

The IJ's adverse credibility finding was supported by substantial evidence in that the IJ found that Zhen's testimony was not believable or plausible. The IJ based his decision on finding that Zhen did not know, or ask, about her parents' whereabouts prior to coming to the United States, she remained in the family home after it had allegedly been ransacked by the government, she did not accompany her brother to Shanghai to go into hiding with her parents, and her answers were evasive during the hearing. These findings relate to the main issue in her claim—whether the Chinese government was seeking Zhen and her family for practicing Falun Gong.

The IJ rejected Zhen's explanations as to why she did not contact her parents after they fled to Shanghai or why she remained in the home after it had been ransacked. Zhen claimed to be afraid of the government, yet she remained in the home for several days after the police had begun looking for her and her family. The IJ also did not consider Zhen's explanation that she was afraid to ask her brother for

her parents' contact information compelling. Because no reasonable fact-finder would be compelled to accept Zhen's explanations, the IJ's finding that this testimony was implausible is supported by substantial evidence. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005) (citing *Zhou Yun Zhang,* 386 F.3d at 76). Moreover, Zhen's explanation as to why she did not join the rest of her family in Shanghai is unclear, and a reasonable fact-finder was not compelled to credit the explanation. *Id.*

An IJ's reliance on a witness's demeanor is generally given high deference because the IJ is in the best position to judge whether the applicant's testimony is genuine. *Zhou Yun Zhang,* 386 F.3d at 73. The IJ's findings in this case should be given such deference because there are numerous places in the record to support the IJ's finding. Zhen argues that some of her answers were "unresponsive" because she did not fully understand the translator at her hearing. However, Zhen was told at the beginning of her hearing that she should inform the IJ if she did not understand the question being asked. Moreover, when specifically asked whether she was understanding the questions during the hearing, she replied, "Yes I understand." Accordingly, this Court must defer to the IJ's finding.

Because Zhen does not challenge the denial of her withholding of removal claim in her brief to this Court, any such challenge is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005). This Court does not have jurisdiction over Zhen's CAT claim because it was not exhausted before the BIA. 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005) (holding that the statutory exhaustion doctrine bars consideration of whole categories of relief).

Accordingly, the petition for review is DENIED. Having completed our review,

any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).